UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WCSE MONTANE LIMITED PARTNERSHIP f/k/a DREXEL MONTANE LIMITED PARTNERSHIP, and WRIGHTWOOD CAPITAL, LLC,<br>        Plaintiffs,<br><br>v.<br><br>DREXEL DEVELOPMENT COMPANY, LLC, DGP, LLC, WIGGINS WOODSIDE PARTNERSHIP, SITE RESOURCES MONTANE, LTD., MONTANE INVESTORS LTD., R. GLENN WIGGINS, ROBERT DALE, and ROBERT M. EDELMAN,<br>        Defendants.<br><br>JAMES E. GIRARDS,<br>        Intervenor,<br><br>v.<br><br>WCSE MONTANE LIMITED PARTNERSHIP f/k/a DREXEL MONTANE LIMITED PARTNERSHIP, WRIGHTWOOD CAPITAL, LLC, DREXEL MONTANE CONDOMINIUM ASSOCIATION, INC., DREXEL DEVELOPMENT COMPANY, LLC, DGP, LLC, WIGGINS WOODSIDE PARTNERSHIP, SITE RESOURCES MONTANE, LTD., MONTANE INVESTORS LTD., R. GLENN WIGGINS, ROBERT DALE, and ROBERT M. EDELMAN,<br>        Defendants.<br><br>DREXEL MONTANE CONDOMINIUM ASSOCIATION, INC.,<br>        Third-Party Plaintiff,<br><br>v.<br><br>WCSE MONTANE LIMITED PARTNERSHIP f/k/a DREXEL MONTANE LIMITED PARTNERSHIP, DREXEL DEVELOPMENT COMPANY, LLC, LA GRANGE ACQUISITION, LP, INTERCITY INVESTMENTS, INC., WRIGHTWOOD CAPITAL, LLC, CF MONTANE SLP, LLC, CF MONTANE LP, LLC, WRIGHTWOOD CAPITAL STRATEGIC EQUITY FUND I GP, LLC, and WRIGHTWOOD CAPITAL STRATEGIC EQUITY FUND I LP,<br>        Third-Party Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO.<br>3:09-CV-0956-B |

JOINT MOTION TO DISMISS WITH PREJUDICE - Page 1

| | |
|---|---|
| LA GRANGE ACQUISITION, L.P., <br>     Third-Party Plaintiff, <br><br> v. <br><br> WCSE MONTANE LIMITED PARTNERSHIP f/k/a DREXEL MONTANE LIMITED PARTNERSHIP, DREXEL MONTANE CONDOMINIUM ASSOCIATION, INC., DREXEL DEVELOPMENT COMPANY, LLC, WRIGHTWOOD CAPITAL, LLC, CF MONTANE SLP, LLC, CF MONTANE LP, LLC, WRIGHTWOOD CAPITAL STRATEGIC EQUITY FUND I GP, LLC, and WRIGHTWOOD CAPITAL STRATEGIC EQUITY FUND I LP, <br>     Third-Party Defendants. | § § § § § § § § § § § § § § § § § § |

## JOINT MOTION TO DISMISS WITH PREJUDICE

As set forth in the Joint Status Report submitted to the Court on August 19, 2009 [Doc. No. 4], Wrightwood Capital, LLC, Wrightwood Capital Strategic Equity Fund I GP, LLC, Wrightwood Capital Strategic Equity Fund I LP, Drexel Development Company, LLC, DGP, LLC, Wiggins Woodside Partnership, Site Resources Montane, Ltd., Montane Investors Ltd., R. Glenn Wiggins, Robert Dale, Robert M. Edelman, Intervenor James E. Girards, Drexel Montane Condominium Association, Inc. n/k/a Montane Condominium Association, Inc., La Grange Acquisition, LP, and Intercity Investments, Inc., (collectively, the "Parties") have settled their dispute in the above-referenced matter, along with WCSE Montane Limited Partnership, CF Montane SLP, LLC, and CF Montane LP, LLC (collectively, the "Debtors"). On September 1, 2009, the United States Bankruptcy Court for the Northern District of Illinois granted Debtors' Motion to Dismiss Cases, approving the terms of the settlement.[1] Accordingly, the Parties jointly move to dismiss all claims, counterclaims, and cross-claims in their entirety and ask the Court to enter the agreed Order of Dismissal with Prejudice accompanying this motion.

---

[1] *See* Order Dismissing Debtors' Cases, *In re WCSE Montane Limited Partnership, et al.*, Case No. 09-18752 (Jointly Administered), in the United States Bankruptcy Court for the Northern District of Illinois (Sept. 1, 2009) [Doc. No. 54] (copy attached); Debtors' Motion to Dismiss Cases, *In re WCSE Montane Limited Partnership, et al.*, Case No. 09-18752 (Jointly Administered), in the United States Bankruptcy Court for the Northern District of Illinois (Aug. 6, 2009) [Doc. No. 41] (copy attached).

Dated: September 15, 2009

Respectfully submitted,

LACKEY HERSHMAN, L.L.P.

By: /s/Jamie R. Welton
Scott S. Hershman
State Bar No. 00793205
Jamie R. Welton
State Bar No. 24013732

3102 Oak Lawn Avenue
Suite 777
Dallas, Texas 75219-4241
Telephone: (214) 560-2201
Telecopier: (214) 560-2203

**ATTORNEYS FOR WRIGHTWOOD CAPITAL, LLC, WRIGHTWOOD CAPITAL STRATEGIC EQUITY FUND I GP, LLC, and WRIGHTWOOD CAPITAL STRATEGIC EQUITY FUND I LP**

WEIL & PETROCCHI, P.C.


By:/s/Christopher M. Weil
    Christopher M. Weil
    State Bar No. 21079000
    Anthony A. Petrocchi
    State Bar No. 15851700

1900 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201
Telephone: (214) 969-7272
Telecopier: (214) 880-7402

**ATTORNEYS FOR DREXEL DEVELOPMENT COMPANY, LLC, DGP, LLC, WIGGINS WOODSIDE PARTNERSHIP, SITE RESOURCES MONTANE, LTD., MONTANE INVESTORS LTD., R. GLENN WIGGINS, ROBERT DALE, and ROBERT M. EDELMAN**


THE GIRARDS LAW FIRM


By:/s/James E. Girards
    James E. Girards
    State Bar No. 07980500

10000 N. Central Expressway
Suite 750
Dallas, Texas 75231
Telephone: (214) 346-9529
Telecopier: (214) 346-9532

**ATTORNEYS FOR JAMES E. GIRARDS**

BELL NUNNALLY & MARTIN LLP


By: /s/Mikel J. Bowers
    Mikel J. Bowers
    State Bar No. 02734550
    Donnie W. Wisenbaker
    State Bar No. 24047130

3232 McKinney Avenue
1400 One McKinney Plaza
Dallas, Texas 75204-2429
Telephone:  (214) 740-1400
Telecopier:  (214) 740-1499

**ATTORNEYS FOR DREXEL MONTANE CONDOMINIUM ASSOCIATION, INC. n/k/a MONTANE CONDOMINIUM ASSOCIATION, INC.**


LILLARD WISE SZYGENDA PLLC


By: /s/Andrew Szygenda
    Andrew Szygenda
    State Bar No. 24033251
    Thomas F. Lillard
    State Bar No. 12352900

Sterling Plaza
5949 Sherry Lane, Suite 1255
Dallas, Texas 75225
Telephone:  (214) 739-2000
Telecopier:  (214) 739-2010

**ATTORNEYS FOR LA GRANGE ACQUISITION, L.P.**

HERMES SARGENT BATES, LLP


By:/s/Deke Owen
    Cynthia Tari
    State Bar No. 00793241
    Deke Owen
    State Bar No. 24046572

901 Main Street, Suite 5200
Dallas, TX 75202
Telephone:   (214) 749-6000
Telecopier:   (214) 749-6100

**ATTORNEYS FOR INTERCITY INVESTMENTS, INC.**

## CERTIFICATE OF CONFERENCE

Counsel for all Parties have personally conducted a conference at which there was a substantive discussion of every item presented to the Court in this Motion. All counsel of record join in the filing of this Joint Motion to Dismiss With Prejudice.

Certified to on the 15th day of September, 2009.

/s/Jamie R. Welton
Jamie R. Welton

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2009, counsel of record for all Parties was served with a copy of the foregoing document in accordance with the FEDERAL RULES OF CIVIL PROCEDURE.

/s/Jamie R. Welton
Jamie R. Welton

Case 09-18752   Doc 54   Filed 09/01/09   Entered 09/02/09 07:16:15   Desc Main
Document   Page 1 of 1
09-18752:41.1:Motion to Dismiss:Proposed Order Entered: 8/6/2009 1:54:12 PM by:Peter Roberts Page 1 of 2

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WCSE MONTANE LIMITED PARTNERSHIP, *et al.*, | ) ) | Case No. 09-18752 (Jointly Administered) |
| | ) | |
| Debtors. | ) | Hon. Jacqueline P. Cox |

### ORDER DISMISSING DEBTORS' CASES

Upon consideration of the motion ("Motion") of WCSE Montane Limited Partnership, CF Montane SLP, LLC, and CF Montane LP, LLC (collectively, the "Debtors") requesting the dismissal of their chapter 11 cases pursuant to 11 U.S.C. § 1112(b); the Debtors having previously filed a motion to compromise their disputes with various parties in connection with the lawsuit that necessitated the filing of the Debtors' cases ("Compromise Motion"); this Court having separately entered an order allowing the Compromise Motion; finding that notice of the Motion was appropriate and sufficient under the circumstances; and finding that sufficient cause appears therefor; it is hereby ORDERED:

1. The Motion is allowed.

2. The Debtors' cases are hereby dismissed pursuant to 11 U.S.C. § 1112.

3. This Order shall be effective and enforceable immediately upon entry.

Dated: Sept. 1, 2009

ENTER: *Jacqueline P. Cox*
J. Cox
Jacqueline P. Cox
United States Bankruptcy Judge

{7108 ORD A0237390.DOC}

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WCSE MONTANE LIMITED | ) | Case No. 09-18752 |
| PARTNERSHIP, *et al.*, | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Hon. Jacqueline P. Cox |

### DEBTORS' MOTION TO DISMISS CASES

Pursuant to 11 U.S.C. § 1112(b) and Fed. R. Bankr. P. 1017, WCSE Montane Limited Partnership ("WCSE Montane"), CF Montane SLP, LLC ("CF SLP"), and CF Montane LP, LLC ("CF LP," and together with WCSE Montane and CF SLP, the "Debtors") hereby request that this Court enter an order dismissing the Debtors' bankruptcy cases in conjunction with the entry of an order authorizing the Debtors to compromise their dispute with various parties in connection with the lawsuit that necessitated the filing of their bankruptcy cases. The Debtors have sought this Court's approval of that compromise through a separate motion filed contemporaneously herewith in accordance with Fed. R. Bankr. P. 9019 ("Compromise Motion"). In support of this motion, the Debtors respectfully represent as follows:

### I. INTRODUCTION

A.  The Debtors' Chapter 11 Cases

1.  On May 22, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. Since then, the Debtors have remained in possession of their assets and have continued to operate their business as debtors in possession in accordance with 11 U.S.C. §§ 1107 and 1108. The Debtors have all of the rights and powers of a trustee in bankruptcy pursuant to 11 U.S.C. § 1107(a).

{7108 MOT A0237267.DOC}

2.  This Court has jurisdiction to hear this matter and enter a final order granting the relief requested herein pursuant to 28 U.S.C. §§ 1334 and 157(b)(2) and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

### B. The Debtors' Ownership Structure

3.  The Debtors were organized for the purpose of owning the Drexel Montane Condominiums, a 30 unit condominium building located in Dallas, Texas (the "Condominium"). WCSE Montane f/k/a Drexel Montane Limited Partnership is a single asset partnership formed specifically to own the Condominium.

4.  The original partners of WCSE Montane were DGP, LLC, Wiggins Woodside Partnership, Site Resources Montane, Ltd., and Montane Investors Limited Partnership (collectively, the "Original Partners"). As of the Petition Date, however, CF SLP was the sole general partner of WCSE Montane, and CF LP was the sole limited partner of WCSE Montane.

5.  CF SLP and CF LP are wholly owned by Wrightwood Capital Strategic Equity Fund I LP ("WCSE Fund I LP"). The sole general partner of WCSE Fund I LP is Wrightwood Capital Strategic Equity Fund I GP, LLC ("WCSE Fund I GP"), which is wholly owned by Wrightwood Capital Fund Manager, LLC ("Fund Manager"). The Fund Manager is wholly owned by Wrightwood Capital, LLC ("Wrightwood").

### C. The Texas Lawsuit

6.  From April 2004 through August 2008, WCSE Montane sold all 30 units at the Condominium to individual purchasers. Since February 2005, the Condominium has been controlled by The Montane Condominium Association ("Association").

7.  The Debtors are parties to a lawsuit ("Lawsuit") that was originally filed in the 192nd Judicial District Court of Dallas County Texas as Cause No. 07-03400-K and which was subsequently removed to the United States District Court for the Northern District of Texas as

{7108 MOT A0237267.DOC}                                    2

Case No. 3-09CV0956-B. In the Lawsuit, the Association and other entities have asserted a multitude of claims against the Debtors and other parties in connection with the Condominium.

8. During the weekend of March 20, 2006, Dallas incurred historic rainfall, with up to eight inches falling in a matter of hours in some areas, and the Condominium experienced water seepage and accumulation in one area of the lowest level of its parking garage. On November 15, 2006, the Association served WCSE Montane and the registered builder of the Condominium with notice of claims against them related to the water infiltration and other alleged construction defects at the Condominium.

9. In accordance with the terms of a May 3, 2006 settlement agreement ("Settlement Agreement") between WCSE Montane's partners at the time, WCSE Montane and Wrightwood tendered the defense of the Association's claims to the Original Partners and the Condominium's builder and developer, Drexel Development Company LLC ("DDC"), and its affiliates (collectively with the Original Parties and DDC, the "Drexel Parties"). Pursuant to the Settlement Agreement, the Drexel Parties had agreed to indemnify, defend, and hold harmless WCSE Montane, Wrightwood, CF SLP, CF LP, WCSE Fund I LP, and WCSE Fund I GP (collectively, the "Wrightwood Entities") from certain claims by the Association and unit owners at the Condominium ("Unit Owners").

10. When the Drexel Parties failed to fulfill their indemnity obligations under the Settlement Agreement in connection with the Association's claims, WCSE Montane and Wrightwood commenced the Lawsuit against the Drexel Parties. In response, the Drexel Parties asserted counterclaims against WCSE Montane and Wrightwood. Moreover, in the months that followed, an individual Unit Owner, James Girards ("Girards"), intervened in the Lawsuit and asserted claims against the Association, WCSE Montane, Wrightwood, and the Drexel Parties.

{7108 MOT A0237267.DOC}                                3

In response to those claims, the Association asserted claims against Girards, and it also filed third-party claims against WCSE Montane, Wrightwood, CF SLP, CF LP, WCSE Fund I LP, WCSE Fund I GP, DDC, the Condominium's former property manager (Inter-City Investments ("ICI")), and the property owner adjacent to the Condominium (La Grange Acquisition, LP ("LaGrange")). LaGrange then asserted claims against the Association, WCSE Montane, Wrightwood, CF SLP, CF LP, WCSE Fund I LP, WCSE Fund I GP, and DDC.

11. As a result of the various claims, counterclaims, crossclaims, and third party claims, the Lawsuit mushroomed far beyond the original indemnity claims of WCSE Montane and Wrightwood. The pending claims at issue in the Lawsuit are summarized as follows:

    (a) The Association asserts claims against WCSE Montane for: (1) breach of contract; (2) breach of warranty; (3) negligence; (4) vicarious liability for the actions of DDC; (5) violations of the Deceptive Trade Practices Act ("DTPA"); (6) attorneys' fees; and (7) exemplary damages. The Association joined Wrightwood with respect to its claims against WCSE Montane for violations of the DTPA. The Association also asserts claims against Wrightwood, CF SLP, CF LP, WCSE Fund I LP, and WCSE Fund I GP, alleging that they should be jointly and severally liable for the debts of WCSE Montane based on theories of: (1) single business enterprise, and (2) alter ego. The Association also asserts claims (i) against Intercity Investments, Inc. ("ICI") for breach of its May 31, 2005 management agreement with the Association and negligence as such claims related to common elements of the Condominium, and (ii) against La Grange for negligence, trespass, nuisance, loss of lateral support, and violations of the Texas Water Code.

    (b) La Grange asserts claims against WCSE Montane for: (1) breach of contract; and (2) violations of the Texas Water Code. La Grange also asserts claims against WCSE Montane, Wrightwood, CF SLP, CF LP, WCSE Fund I LP, and WCSE Fund I GP for: (1) trespass; (2) nuisance; (3) negligence; (4) negligence per se; and (5) gross negligence/punitive damages. La Grange's claims against Wrightwood, CF SLP, CF LP, WCSE Fund I LP, and WCSE Fund I GP are based on its request for a declaration that they be jointly and severally liable for all awards requested against WCSE Montane on veil piecing theories that the "corporate fiction" of WCSE Montane be disregarded.

    (c) Girards asserts claims against WCSE Montane and Wrightwood for: (1) fraud by non-disclosure; (2) common law fraud; (3) conspiracy to

{7108 MOT A0237267.DOC}   4

                commit fraud; (4) fraudulent inducement; and (5) DTPA claims. Girards' claims against Wrightwood are premised on veil piercing and single business enterprise theories that seek to hold Wrightwood liable for any award against WCSE Montane.

    (d)    The Drexel Parties assert claims against WCSE Montane and Wrightwood related to the Settlement Agreement for: (1) indemnity; (2) contribution; and (3) set-off. The Drexel Parties' claims against Wrightwood are premised on its affiliation with WCSE Montane and CF Montane Entities.

The claims against the Wrightwood Entities in the Lawsuit primarily consist of claims against WCSE Montane. The few misrepresentation and contract claims that remain against Wrightwood are based on actions taken by and through the Debtors and otherwise require the determination of the claims asserted against the Debtors. The other claims against Wrightwood, CF SLP, CF LP, WCSE Fund I LP, and WCSE Fund I GP, are veil-piercing and alter ego claims, which seek to hold them liable for the claims asserted against WCSE Montane and the other two Debtors. Under applicable law, those claims are property of the Debtors' estates. *Koch Ref. v. Farmers Union Cent. Exch., Inc.*, 831 F.2d 1339, 1349-50 (7th Cir. 1987) (an alter ego claim is property of an Illinois debtor and its estate); *Flake v. Alper Holdings USA, Inc. (In re Alper Holdings USA, Inc.)*, 398 B.R. 736, 759-60 (S.D.N.Y. 2008) (same for a Delaware debtor and its estate).

## II. PROPOSED COMPROMISE OF THE LAWSUIT

    12.    Due to the limited amount of the Debtors' remaining assets and their inability to satisfy a judgment in the Lawsuit, the Debtors filed their chapter 11 cases in order to obtain the benefit of the automatic stay and use the chapter 11 process as a platform to administer their remaining assets for the benefit of all of their creditors.

    13.    Since the Petition Date, the Debtors and the other Wrightwood Entities have engaged the other parties to the Lawsuit in negotiations regarding a consensual resolution of the Lawsuit. As a result of their negotiations, the parties have agreed, subject to this Court's

Case 09-18752   Doc 41   Filed 08/06/09   Entered 08/06/09 13:54:12   Desc Main
                         Document       Page 11 of 12

approval, to a compromise and global resolution of the Lawsuit through the execution of the Settlement Agreement attached to the Compromise Motion (without exhibits) as Exhibit A ("Settlement Agreement"). With respect to the claims of and against the Debtors, the Settlement Agreement generally provides that:[1]

(a) The Wrightwood Entities will collectively pay $770,000 ("Settlement Payment") to the Association and LaGrange.

(b) One or more of Wrightwood, WCSE Fund I LP, and/or WCSE Fund I GP shall collectively contribute approximately $749,000 toward the Settlement Payment in exchange for releases of the claims of all parties to the Lawsuit, including the release and extinguishment of any claims that the Debtors may have against them for veil piercing claims, alter ego claims, or any other claims.

(c) In exchange for the releases of all claims against them by the Association, the Debtors shall contribute approximately $21,000 ("Debtors' Contribution") toward the Settlement Payment, which amount constitutes approximately 100% of the Debtors' available funds.

(d) Except for their obligations under the Settlement Agreement, the Parties shall mutually release each other from any claims related to the Condominium or the Lawsuit, including any veil piercing or alter ego claims against any of the Wrightwood Entities.

(e) Within three days of the Settlement Agreement's execution and its ratification by the Unit Owners, the Debtors shall seek this Court's approval of the Settlement Agreement and move to dismiss the Debtors' bankruptcy cases.

### III.  THE DEBTORS' CASES SHOULD BE DISMISSED

14.   Subject to this Court's approval of the Compromise Motion, the effectuation of the Settlement Agreement will obviate the need for the administration of the Debtors' assets through their chapter 11 cases. The Debtors' remaining assets will be administered through the effectuation of the Settlement Agreement, and substantially all of the known claims against the Debtors will be released and satisfied through the effectuation of the Settlement Agreement.

---

[1] This summary is qualified by the more specific terms of the Settlement Agreement. To the extent of any discrepancy, the Settlement Agreement controls.

{7108 MOT A0237267.DOC}                             6

Case 09-18752   Doc 41   Filed 08/06/09   Entered 08/06/09 13:54:12   Desc Main
Document   Page 12 of 12

Consequently, cause exists for the dismissal of the Debtors' cases pursuant to 11 U.S.C. § 1112(b)(1), and an order of dismissal (subject to any order approving the Compromise Motion) should enter accordingly.

## IV. NOTICE

15. The Debtors served this motion on the Office of the United States Trustee and all of their known creditors. In light of the issues involved and the expense of serving notice on all of the Debtor's creditors, the Trustee believes that such notice is appropriate under the circumstances.

## V. CONCLUSION

WHEREFORE, the Debtors request that this Court enter an order substantially in the form attached hereto: (i) approving the Motion; (ii) dismissing the Debtors' bankruptcy cases subject to the entry of any order approving the Compromise Motion; and (iii) providing such other and further relief as is just and to which the Debtors may be entitled under the circumstances.

Respectfully submitted,

WCSE Montane Limited Partnership, *et al.*

Dated: August 6, 2009

By: /s/ Peter J. Roberts
One of their attorneys

Steven B. Towbin (#2848546)
Peter J. Roberts (#6239025)
Shaw Gussis Fishman Glantz
   Wolfson & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60654
(312) 541-0151  telephone
(312) 980-3888  facsimile

{7108 MOT A0237267.DOC}                    7

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WCSE MONTANE LIMITED | ) | Case No. 09-18752 |
| PARTNERSHIP, *et al.*, | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Hon. Jacqueline P. Cox |

### ORDER DISMISSING DEBTORS' CASES

Upon consideration of the motion ("Motion") of WCSE Montane Limited Partnership, CF Montane SLP, LLC, and CF Montane LP, LLC (collectively, the "Debtors") requesting the dismissal of their chapter 11 cases pursuant to 11 U.S.C. § 1112(b); the Debtors having previously filed a motion to compromise their disputes with various parties in connection with the lawsuit that necessitated the filing of the Debtors' cases ("Compromise Motion"); this Court having separately entered an order allowing the Compromise Motion; finding that notice of the Motion was appropriate and sufficient under the circumstances; and finding that sufficient cause appears therefor; it is hereby ORDERED:

1. The Motion is allowed.

2. The Debtors' cases are hereby dismissed pursuant to 11 U.S.C. § 1112.

3. This Order shall be effective and enforceable immediately upon entry.

ENTER:

Dated:_____          _____
                                       Jacqueline P. Cox
                                       United States Bankruptcy Judge

{7108 ORD A0237390.DOC}

***Prepared By*:**

Steven B. Towbin (#2848546)
Peter J. Roberts (#6239025)
Shaw Gussis Fishman Glantz
  Wolfson & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60654
(312) 541-0151